**RE–ACE, INC., Plaintiff,**

v.

**WHEELED COACH INDUSTRIES, INC., Defendant.**

**Civil No. 03–1285 (CCC/GAG).**

United States District Court,
D. Puerto Rico.

Jan. 20, 2005.

---

Alfredo Fernandez–Martinez, Jose A. Fernandez–Paoli, Eyck O. Lugo–Rivera, Martinez Odell & Calabria, Patricia Lorenzi, Delgado & Fernandez, San Juan, PR, for Plaintiff.

Eyck O. Lugo–Rivera, Graciela J. Belaval–Bruno, Martinez Odell & Calabria, Carmen P. Figueroa, Mirta E. Rodriguez–Mora, Latimer, Biaggi, Rachid & Godreau, San Juan, PR, Jorge Bermudez–Torregrosa, Hato Rey, PR, Antonio Vergne–Mirabal, Guaynabo, PR, for Defendants.

## ORDER MODIFYING PRELIMINARY INJUNCTION

GELPÍ, United States Magistrate Judge.

The Court hereby **GRANTS** defendant's *Urgent Motion Requesting Lifting or Modification of Preliminary Injunction or Modification of Preliminary Injunction Order* (Docket No. 292) to the effect that it be allowed to participate in the upcoming GSA bid through a party other than plaintiff, Re–Ace. The Court's preliminary injunction order of June 25, 2003 (Docket No. 37), is thus modified accordingly. Plaintiff's *Response in Opposition* (Docket No. 300) has been considered and is duly **NOTED** for purposes of the present ruling.

"A court of equity cannot rely on a simple formula but must evaluate a number of potentially competing considerations to determine whether to modify or vacate an injunction." *Building and Construction Trades Council of Philadelphia and Vicinity v. N.L.R.B.*, 64 F.3d 880, 888 (3RD Cir.1995). "Equity demands a flexible response to the unique conditions of each case." *Id.*

If this Court faced a permanent injunction or consent decree, defendant would certainly have a quite heavy burden in obtaining the remedy now sought. *Cf. Alexis Lichine and Cie v. Sacha A. Lichine Estate Selections, Ltd.*, 45 F.3d 582, 586 (1ST Cir.1995) (court refused to modify consent decree in commercial case between private parties, recognizing the importance of finality). This diversity case, however, involves a preliminary injunction, and a very unique one indeed. Under the Puerto Rico Dealer's Act ("Law 75"), the preliminary remedy obtained by plaintiff is *pendente lite* in nature, and ceases once the Court resolves the merits of plaintiff's underlying unjust termination claim. See

P.R. Laws Ann. tit. 10 § 278b–1; *Re–Ace, Inc. v. Wheeled Coach Industries,* Inc. 270 F.Supp.2d. 223, 229 (D.P.R.2003), *aff'd.* 363 F.3d 51, 53 (1ST Cir.2004). Thus, under Puerto Rico law, the injunctive relief at bar may not become permanent in nature.

In the instant case, the controversy before the Court is ripe for resolution. The Court will either grant summary judgment on reconsideration, or will hold a jury trial beginning on April 25, 2005. As such, plaintiff is ready to have its day in Court.

■ An even more compelling factor is that the present bid process before GSA is being carried out to obtain a one year contract to supply ambulances. Once awarded, said contract, which may subsequently be extended, will extend at least to 2006. If defendant were forced to bid for the same through Re–Ace, and win the same, the result would be that a Law 75 relationship would continue past resolution of this case. Via judicial fiat this remedy would thus well exceed the legislative scope of protection intended for Law 75 dealers. Certainly, this poses a hardship upon the plaintiff. However, at this point, such hardship can be compensated in damages should plaintiff prevail in proving that it is a Law 75 dealer entitled to damages for its unjust termination. As a matter of fact, should this case be tried, plaintiff is free to present evidence to the jury to the effect it sustained losses by not being allowed to participate in the GSA bid as a result of an unjust termination.

A different result would perhaps be prompted had the bid at issue involved a one shot deal sale of ambulances to be delivered after trial, and for which Re–Ace will be paid a sum certain. The bid, however, involves an ongoing one year relationship, which falls beyond the protective ambit of Law 75. Plaintiff's position, no matter how compelling, must thus be rejected since the Court cannot extend Law 75's protections past the trial date. More so, this litigation does not involve any other cause of action apart from Law 75, which can be used as an independent basis to enjoin defendant past the trial date insofar as the GSA contract is concerned.

**SO ORDERED**